NOURSE & BOWLES, LLP
Attorneys for Plaintiffs
C.V. SCHEEPVAARTONDERNEMING
PARELGRACHT, AND B.V. BEHEER
MAATSCHAPPIJ PARELGRACHT
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6200

**07 CV 4143**

*Judge Pauley*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
C.V. SCHEEPVAARTONDERNEMING
PARELGRACHT, AND B.V. BEHEER
MAATSCHAPPIJ PARELGRACHT,

     07 Civ.

   Plaintiffs,

 -against-     **VERIFIED COMPLAINT**

CONTAINERS INTERNATIONAL PTY LTD.,

   Defendant.
------------------------------------------------------------------X

  Plaintiffs, C.V. Scheepvaartonderneming Parelgracht, and B.V. Beheer

Maatschappij Parelgracht (hereinafter "Carriers" or "Plaintiffs"), through their attorneys,

Nourse & Bowles, LLP, as and for their Verified Complaint against Defendant,

Containers International Pty Ltd. (hereinafter "Containers"), allege upon information and

belief as follows:

  1.  This is an action within the admiralty and maritime jurisdiction of this

Court and is an admiralty or maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.

2. At all times relevant hereto, Plaintiff, C.V. Scheepvaartonderneming Parelgracht, was and still is a foreign business entity organized under the laws of the Netherlands with an address and place of business at Radarweg 36, 1042 AA Amsterdam, Netherlands, and was and is the registered owner of the M/V LAURIERGRACHT.

3. At all times relevant hereto, Plaintiff, B.V. Beheer Maatschappij Parelgracht, was and still is a foreign business entity organized under the laws of the Netherlands with an address and place of business at Radarweg 36, 1042 AA Amsterdam, Netherlands, and was and is the managing partner in the limited partnership owning the vessel.

4. Upon information and belief, at all times relevant hereto, Defendant Containers was and still is a business entity organized and existing under the laws of Australia with an office and place of business at 68 The Avenue, Sunnybank Hills, Queensland, 4109, Australia.

5. On or about March 5, 2007, Plaintiffs as "Carriers", through their booking agent Spliethoff Transport B.V., entered into a maritime contract on a "Worldwide Services Booking-Note" form ("Booking Note") with Defendant Containers, as "Merchant", for the carriage on board the M/V LAURIERGRACHT of a part cargo of 244 pieces/546.144 kgs of "tyres" from Freemantle, Australia to Durban, South Africa, for an agreed lumpsum freight rate of $235,000.00 "liner term hk/hk".

6. The Booking Note provided for laydays of "10th – 20th April 2007". Clause 14(b) of the Booking Note obligated the "Merchant" to tender the goods when the vessel is ready to load …. "[o]therwise, the Carrier shall be relieved of any obligation to load

such cargo and the Vessel may leave the port without further notice and deadfreight is to be paid."

7. Prior to the vessel's arrival at Freemantle, Plaintiffs regularly provided Containers with updated notifications of the vessel's arrival date and readiness to load date. On April 17, 2007, Plaintiffs notified Containers to confirm that the vessel was berthing at 1230 hours that day and would be ready to load cargo at 0700 hours on April 18th.

8. On April 18, 2007, Containers informed Plaintiffs that it did not intend to tender the goods. Accordingly, Containers refused or neglected to tender the goods for loading, in breach of its obligations under the Booking Note, and the vessel sailed on April 18, 2007 without loading the cargo.

9. On April 18, 2007, Plaintiffs informed Containers in writing that it was in breach of its obligations under the Booking Note and demanded that Containers immediately pay outstanding deadfreight in the amount of $197,290.25, calculated as the agreed lump sum freight minus saved loading and discharge expenses in accordance with the Booking Note, and invoiced Containers said amount.

10. To date Containers has refused or neglected to pay the outstanding deadfreight.

11. The Booking Note provides that any disputes under the Booking Note shall be decided by the District Court of Amsterdam, the Netherlands, with the law of the Netherlands to apply. Upon information and belief, however, Section 11 of the Australian Carriage of Goods by Sea Act 1991 provides that where a sea carriage

document relates to the carriage of goods from any place in Australia to any place outside of Australia then Australian law and jurisdiction will be applied to the contract. Accordingly, Plaintiffs specifically reserve their right to litigate the substantive matters at issue in Australia subject to Australian law.

12. Upon information and belief, under Australian law a prevailing party is entitled to recover "party-party costs", including attorneys' fees, barrister's fees, disbursements and costs. "Party-party costs" in this matter are presently estimated to be $65,000.00.

13. Upon information and belief, and after investigation, Defendant Containers cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiffs are informed that Defendant has, or will shortly have, assets within this District comprising, inter alia, cash funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant Containers (hereinafter, "ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from National Australia Bank Limited, American Express Bank, ANZ Bank, Citibank, JP Morgan Chase, Wachovia Bank, Bank of America, Bank of New York, HSBC Bank, Standard Chartered, Deutsche Bank, BNP Paribas, Societe Generale or others whose identities may become known to Plaintiffs' attorneys in the near future.

15. The total amount sought by Plaintiffs to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, includes:

    a. Deadfreight and detention to be paid in the amount of $197,290.25;

    b. Interest on the above sum at the rate of 10.5% per annum (as per Clause 15(a) of the Booking Note) for two years, the estimated time it will take to obtain a final judgment, which interest is recoverable in litigation, estimated to be $43,605.00;

    c. Estimated "post party costs", including legal fees, barrister fees, disbursements, etc., which are recoverable, in the amount of $65,000.00;

For a total claim of $305,895.25.

WHEREFORE, Plaintiffs pray:

a.    That process in due form of law according to the practice of this Court may issue against Defendant Containers, citing it to appear and answer the foregoing, failing which a default will be taken against them for the principal amount of the claim of $305,895.25, plus interest, costs and attorneys' fees;

b.    That if Defendant Containers cannot be found within this District pursuant to Supplemental Rule B, all tangible and intangible property of Defendant Containers up to and including the claim of $305,895.25 be restrained and attached, including, but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or being transferred from or for the benefit of Defendant Containers held by or moving through National Australian Bank Limited, American

Express Bank, ANZ Bank, Citibank, JP Morgan Chase, Wachovia Bank, Bank of America, Bank of New York, HSBC Bank, Standard Chartered, Deutsche Bank, BNP Paribas, Societe Generale and/or any other garnishee(s) which may subsequently be identified and upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served; and

c. That Defendant Containers be ordered to litigate the dispute pursuant to the booking note; and

d. That Plaintiffs have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, NY
May 29, 2007

> NOURSE & BOWLES, LLP
> Attorneys for Plaintiffs
>
> By: _____
> Michael E. Crowley (MC 7713)
> One Exchange Plaza
> At 55 Broadway
> New York, NY 10006-3030
> (212) 952-6200

## ATTORNEY VERIFICATION

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK    )

Michael E. Crowley, being duly sworn, deposes and says:

1. I am an attorney with the law firm of Nourse & Bowles, LLP, attorneys for Plaintiffs, C.V. SCHEEPVAARTONDERNEMING PARELGRACHT, AND B.V. BEHEER MAATSCHAPPIJ PARELGRACHT, in this action. I have read the foregoing Verified Complaint and know the contents thereof and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our clients and documents provided by our clients regarding the claim.

3. The reason that this verification is made by me and not by the Plaintiffs is because the Plaintiffs are foreign entities, none of whose officers are presently within this Judicial District.

_____
Michael E. Crowley

Sworn to and subscribed to
before me this 29 day of May 2007.

_____
Notary Public

MARY T. BANNON
**Notary Public, State of New York**
No. 01BA4785995
Qualified in New York County
**Commission Expires February 28,** 2010