NOURSE & BOWLES, LLP
Attorneys for Plaintiffs
C.V. SCHEEPVAARTONDERNEMING
PARELGRACHT, AND B.V. BEHEER
MAATSCHAPPIJ PARELGRACHT
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

07 CV 4143

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Judge Pauley

------------------------------------------------------------X
C.V. SCHEEPVAARTONDERNEMING          :
PARELGRACHT, AND B.V. BEHEER         :
MAATSCHAPPIJ PARELGRACHT,            :
                                     :   07 Civ.
                     Plaintiffs,     :
                                     :
         -against-                   :
                                     :
CONTAINERS INTERNATIONAL PTY LTD.,   :
                                     :
                     Defendant.      :
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' APPLICATION FOR AN ORDER OF
MARITIME ATTACHMENT AND GARNISHMENT
PURSUANT TO RULE B(1) OF THE SUPPLEMENTAL RULES
FOR CERTAIN ADMIRALTY AND MARITIME
CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PRELIMINARY STATEMENT**

Plaintiffs, C.V. Scheepvaartonderneming Parelgracht, and B.V. Beheer Maatschappij Parelgracht ("Plaintiffs"), respectfully submit this Memorandum of Law in support of their application for an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B(1) of the Supplemental

Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure against defendant, Containers International Pty Ltd. ("Containers") in connection with Plaintiffs' admiralty and maritime claims in the amount of $305,895.25 resulting from breach of a maritime booking note contract.

## STATEMENT OF FACTS

On or about March 5, 2007 a booking note for the carriage of cargo from Freemantle, Australia to Durban, South Africa on board the M/V LAURIERGRACHT was entered into between Plaintiffs, as "Carrier", and Containers, as "Merchant". Containers failed to tender the cargo at the load port in breach of its obligations under the booking note, resulting in the vessel sailing without the cargo and the "Carrier" not receiving the agreed lump sum freight. Plaintiffs demanded payment of deadfreight in the amount of $197,290.25, calculated as the agreed lumpsum freight minus saved loading and discharge costs, in accordance with the terms of the booking note, and invoiced Containers for that amount. To date, Containers has failed to pay the outstanding deadfreight claim.

The booking note provides for litigation of any disputes in the District Court of Amsterdam, the Netherlands, with the law of the Netherlands to apply. However, Plaintiffs have been advised by Australia counsel that Section 11 of the Australian Carriage of Goods by Sea Act 1991 provides that where the a sea carriage document relates to the carriage of goods from any place in Australia to any place outside of Australia then Australian law and jurisdiction will be applied to the contract.

Plaintiffs have also been advised that under Australian law a prevailing party is entitled to recover "party-party costs", including attorneys' fees, barrister's fees, disbursements and costs estimated in this mater to be about $65,000.00. In addition, interest is recoverable in Australian litigation which is estimated to be $43,605.00 based on the current pre-judgment rate of interest of 10.5% for two years on the principal amount due under the booking note, all for a total claim by Plaintiffs against Containers of $305,895.25. Plaintiffs seek a maritime attachment and garnishment in this Court in the amount of $305,895.25 to obtain jurisdiction over Containers and to provide security for its claims in the Australian litigation.

## ARGUMENT

### AN ORDER AUTHORIZING THE ISSUANCE OF PROCESS OF MARITIME ATTACHMENT SHOULD BE GRANTED PURSUANT TO SUPPLEMENTAL RULE B(1) TO ALLOW ATTACHMENT OF DEFENDANT'S ASSETS

Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule B(1)"), specifically permits prejudgment attachment in admiralty or maritime cases whenever the defendant cannot be "found" with the district:

> With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's good and chattels, or credits and effects in the hands of garnishees to be named in the process to the amount sued for, if the defendant shall not be found within the district. Such a complaint shall be accompanied by an affidavit signed by the plaintiff or the plaintiff's attorney that,

3

> to the affiant's knowledge, or to the best of the affiant's information and belief, the defendant cannot be found within the district. The verified complaint and affidavit shall be reviewed by the court and, if the conditions set forth in this rule appear to exist, an order so stating and authorizing process of attachment and garnishment shall issue.

Plaintiffs' claim arises under a booking note for the transportation of goods by sea which is maritime contract and therefore is a claim within the admiralty jurisdiction of this Court. Chase Bag Co. v. United States, 1931 A.M.C. 191 (Ct. Cl. 1930) citing Patterson v. Baltimore Steam-Packet Co., 106 Fed. 957 (D. Md. 1899); Graham v. Oregon R. & Navigation Co., 135 Fed. 608 (S.D.N.Y. 1905); American Hawaiian S.S. Co. v. Willfuehr, et al., 274 Fed. 214 (D. Md. 1921). See also Proodos Marine Carriers Co. v. Overseas Shipping & Logistics, 1984 A.M.C. 2792 (S.D.N.Y. 1984) (noting that a booking note is in effect, a maritime contract of affreightment). Because Plaintiffs possess a maritime claim, they may secure a maritime attachment pursuant to Supplemental Rule B(1) against all assets and property (up to the amount of the claim) belonging to Defendant which may be situated within the district "if the defendant[s] shall not be found within the district." Supplemental Rule B(1).

Application for a maritime attachment is ex parte and no advance notice is required. As stated in the 1966 Advisory Committee Notes to Supplemental Rule B, no notice was provided for because "[n]one is required by the principles of due process, since it is assumed that the garnishee or custodian of the property attached will either notify the defendant or be deprived of the right to plead the judgment as a defense in an action against him by the defendant." In their comments on the 1985 Amendment, the

4

Committee noted that Supplemental Rule B was amended to provide for judicial scrutiny before the issuance of the attachment "to eliminate doubts as to whether the Rule is consistent with the principles of procedural due process enunciated by the Supreme Court . . . ." Further:

> The rule envisions that the order will issue when the plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district. A simple order with conclusory findings is contemplated.

Fed. R. Civ. P. Supp. 13, 1985 Advisory Committee Notes

Service of a writ of maritime attachment is not the same as an actual attachment. If there is no property in the garnishee's hands, there is no attachment, and therefore no requirement for notice under Local Admiralty Rule B.2. If Local Admiralty Rule B.1[1] were interpreted to require notice before any property was actually seized, that would enable a defendant to divert its funds and thus defeat the very purpose of maritime security in a case against a foreign or transient defendant. Therefore, Plaintiffs may proceed *ex parte* and provide notice promptly after a successful attachment.

For purposes of Supplemental Rule B(1), the term "found within the district" presents a two-pronged inquiry. If the defendant cannot be found within the district for jurisdictional purposes and for service of process, an attachment is permissible. See Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963); see

---

[1] Local Admiralty Rule B.1 "Affidavit That Defendant Is Not Found Within the District," states:
The affidavit required by Supplemental Rule B(1) to accompany the complaint and the affidavit required by Supplemental Rule B(2)(c), shall list the efforts made by and on behalf of the plaintiff to find and serve the defendant within the district.

also 29 Moore's Federal Practice § 705.02[2][b] (Matthew Bender 3d ed.). As explained in the accompanying Affidavit of Michael E. Crowley, Containers cannot be found within this District Court under this analysis. Accordingly, the issuance of an order of maritime attachment is proper.

Rule B attachment is also proper in aid of foreign litigation or arbitration. Polar Shipping Ltd. v. Oriental Shipping Corp., 680 F.2d. 627, 632 (9th Cir. 1982); Staronset Shipping Ltd. v. North Star Navigation Inc., 659 F. Supp. 189, 191 (S.D.N.Y. 1987); Andros Compania Maritima, S.A. v. Andre and Cie, S.A., 430 F. Supp. 88 (S.D.N.Y. 1977). See also Drys Shipping Corp. v. Freight of the M.S. DRYS, 558 F.2d 1050 (2d Cir. 1977). Maritime attachment and garnishment is available not only against an account maintained by a defendant in New York, but also against any correspondent bank which is used to transfer funds of a defendant in or out of New York. Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263 (2d Cir. 2002).

Plaintiffs seek to attach Containers's assets in the hands of non-parties. In order to attach Containers's assets in the hands of non-parties, an order of attachment and garnishment is required. Plaintiffs therefore request that the Court issue an order authorizing process of maritime attachment and garnishment in order to secure Plaintiffs' claim in the foreign litigation in the amount of $305,895.25, as nearly as can be estimated at present.

## **CONCLUSION**

By reason of the foregoing, it is respectfully submitted this Court should issue an Order authorizing the issuance of Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B(1) and Plaintiffs should have such other and further relief as is just and proper in the circumstances.

Dated: New York, New York
       May 29, 2007

                                NOURSE & BOWLES, LLP
                                Attorneys for Plaintiffs

                                By: /s/ Michael E. Crowley
                                Michael E. Crowley (MC 7713)
                                One Exchange Plaza
                                At 55 Broadway
                                New York, NY 10006-3030
                                (212) 952-6200