JUL 23 2007
CHAMBERS OF
WILLIAM H. PAULEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/8/07

**NOURSE & BOWLES, LLP**

Nourse & Bowles, LLP
115 Mason Street
Greenwich, CT 06830-6630
Telephone: (203) 869-7887
Facsimile: (203) 869-4535

One Exchange Plaza
at 55 Broadway
New York, NY 10006-3030
Telephone: (212) 952-6200

Facsimile: (212) 952-0345
E-Mail: reception@nb-ny.com
Web site: www.nb-ny.com

Nourse & Bowles
75 Main Street, Suite 205
Millburn, NJ 07041-1322
Telephone: (973) 258-9811
Facsimile: (973) 258-1480

July 20, 2007

Honorable William H. Pauley, III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1581

Application granted. The conference is adjourned to 10/5/07 at 10:00 a.m.

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
7/27/07

Re:   **C.V. SCHEEPVAARTONDERNEMING PARELGRACHT et. al. v. CONTAINERS INTERNATIONAL PTY LTD. 07 Civ. 4143(WHP)**

Dear Judge Pauley:

We are attorneys for C.V. Scheepvaartonderneming Parelgracht and B.V. Beheer Maatschappij Parelgracht, the plaintiffs in the captioned action. <u>This is to request a 60-day adjournment of the pre-trial conference scheduled before Your Honor on August 3, 2007.</u> This is the first request for an adjournment.

Plaintiffs commenced this action on May 29, 2007 by the filing of the Verified Complaint herein and obtained a writ of attachment of defendant Containers International Pty Ltd.'s assets pursuant to a Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. One of the stated purposes of the action was to provide security for plaintiffs' claims subject to litigation in Australia. Defendant has not been notified of the attachment proceedings and has not been served with a copy of the Verified Complaint as this is not required by Rule B and such notice would defeat the purpose of the Rule B attachment. On or about May 29, 2007, plaintiffs commenced daily service of the writ of attachment on various New York banks in an attempt to attach bank

accounts and/or assets of defendant. This daily service continued until June 12, 2007 at which time the parties engaged in settlement discussions in an attempt to resolve the matter. These discussions were unsuccessful and daily service of the writ of attachment recommenced on July 17, 2007. To date, no bank accounts or assets of defendant have been attached but attempts are continuing.

As stated on pages 4-5 of plaintiffs' Memorandum of Law in support of its application for an order of maritime attachment and garnishment, an application for a maritime attachment is <u>ex parte</u> and no advance notice is required. According to the 1966 Advisory Committee Notes to Supplemental Rule B, no notice was provided for because "[n]one is required by the principles of due process, since it is assumed that the garnishee or custodian of the property attached will either notify the defendant or be deprived of the right to plead the judgment as a defense in an action against him by the defendant." In their comments on the 1985 Amendment, the Committee noted that Supplemental Rule B was amended to provide for judicial scrutiny before the issuance of the attachment "to eliminate doubts as to whether the Rule is consistent with the principles of procedural due process enunciated by the Supreme Court . . ." Further:

> The rule envisions that the order will issue when the plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district. A simple order with conclusory findings is contemplated.

Fed. R. Civ. P. Supp. 13, 1985 Advisory Committee Notes.

Service of a writ of maritime attachment is not the same as an actual attachment. If there is no property in the garnishee's hands, there is no attachment, and therefore no requirement for notice under Local Admiralty Rule B.2. If Local Admiralty Rule B.1[1] were interpreted to require notice before any property was actually seized, that would enable a defendant to divert its funds and thus defeat the purpose of maritime security in a case against a foreign or transient defendant. Therefore, plaintiffs should be permitted to proceed *ex parte* and provide notice promptly <u>after</u> a successful attachment.

---

[1] Local Admiralty Rule B.1 "Affidavit That Defendant Is Not Found Within the District," states:
>The affidavit required by Supplemental Rule B(1) to accompany the complaint and the affidavit required by Supplemental Rule B(2)(c), shall list the efforts made by and on behalf of the plaintiff to find and serve the defendant within the district.

     Based on the foregoing, we respectfully submit that the pre-trial conference scheduled before Your Honor on August 3, 2007 is premature at this point as attempts to attach defendant's bank accounts and/or assets are still continuing. We therefore respectfully request a 60-day adjournment of the pre-trial conference to say October 5, 2007. By that time, we will know if plaintiffs have been successful in attaching any assets of defendant. Of course, if any assets are attached prompt notification will be given to the Court and to the defendant for the purpose of further proceedings.

     Thank you for your kind attention to this matter.

                        Respectfully submitted,

                        NOURSE & BOWLES, LLP

                        Michael E. Crowley

MEC:ll